| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

BRIAN KEITH ANDREWS, #17977-078 §
§
*versus* § CIVIL ACTION NO. 4:16-CV-846
§ CRIMINAL ACTION NO. 4:10-CR-152(05)
UNITED STATES OF AMERICA §

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 should be denied. Movant has filed objections.

Movant is challenging his sentence. More specifically, he argues that he no longer meets the criteria to be classified as a career offender under the United States Sentencing Guidelines. In support of the claim, he cites *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

*Johnson* and its progeny concern sentences imposed pursuant to the Armed Career Criminal Act. Movant was not sentenced under the Armed Career Criminal Act. *Johnson* is inapplicable.

Movant seeks to extend the reasoning in *Johnson* to the United States Sentencing Guidelines, but the United States Supreme Court provided the following analysis in declining to extend *Johnson* to the sentencing guidelines:

> At the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) (Nov. 2006) (U.S.S.G.). This Court held in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct.

2551, 192 L.Ed.2d 569 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886, 890 (2017). In light of *Beckles*, Movant's challenge to his classification as a career offender under the sentencing guidelines lacks merit. He has not shown that he is entitled to relief with respect to his sentence.

Movant includes a new claim in his objections about relief under the First Step Act. New claims and issues may not, however, be raised for the first time in objections to a Report and Recommendation. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections of Movant are without merit.

It is accordingly **ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 22nd day of February, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE